

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 3, 2010

United States Bankruptcy Judge

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 09-10408-rlj13 |
| CECIL GORDON TEDFORD, JR. AND | ) | CHAPTER 13 |
| DIANE DENISE TEDFORD, | ) | |
| | ) | HEARING ON MOTION |
| DEBTORS. | ) | FOR RELIEF FROM STAY |

**AGREED ORDER CONDITIONING AUTOMATIC STAY**

Came on for consideration the Motion for Relief from Stay ("Motion") filed by 21st Mortgage Corporation, its successors and assigns, ("21st Mortgage") regarding a 2000 CMH Manufacturing Spirit model 16 X 76 manufactured home bearing serial number CLW015297TX ("Collateral"). The Court, having considered the Motion, any and all responses filed, and the agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED**, **ADJUDGED**, **AND DECREED** that:

1. **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Cecil Gordon Tedford, Jr. and Diane Denise Tedford (collectively "Debtor") shall continue to remit to 21st Mortgage the regular post-petition monthly payments beginning February 1, 2010, and continue said payments thereafter pursuant to that certain Retail Installment

Contract-Security Agreement dated March 18, 2007 ("Contract"). The payment address for direct payment is 21st Mortgage Corporation, 620 Market Street, One Centre Square, Knoxville, TN 37902.

3. **Additional Payments:** In addition to the payments set forth above, Debtor shall cure post-petition arrearage in the total amount of $1,211.84, which consists of post-petition payments for the months of November 1, 2009 through January 1, 2010 in the amount of $412.08 per payment. Any payments or proof of payments received will be credited to Debtor's account. Within thirty days of entry of this Order, or at the time of the Trustee's Recommendation Concerning Claims and Plan Modification ("TRCC"), whichever is later, Debtors shall complete the modification of the Chapter 13 Plan with respect to 21st Mortgage to include provision for payment of $1,211.84, the post-petition arrearage amount to be paid through out the life of the Chapter 13 Plan at the Contract interest rate.

4. **Insurance:** Debtor agree to keep continuous full comprehensive insurance on the Collateral. The insurance policy shall be in the form of at least a six month policy and Debtor shall provide 21st Mortgage with a copy of the policy, which shows 21st Mortgage as the loss payee or lienholder within ten days of entry of this Order.

5. **Property Taxes:** Debtor shall bring current any delinquent and outstanding taxes owed within thirty days of entry of this Order and provide to 21st Mortgage continuous proof of payment of taxes.

6. **Payments to Trustee:** Debtor shall remit to the Trustee the monthly payment provided for under the Chapter 13 Plan. Debtor shall bring current any delinquent and outstanding payment(s) owed to the Trustee within 30 days of entry of this Order.

7. **Conversion to Chapter 7 or Dismissal:** The terms of this Order shall not survive upon conversion to a Chapter 7 or dismissal of this bankruptcy. 21st Mortgage shall not be bound by this Order in the event of conversion or dismissal. Upon conversion to a Chapter 7, the automatic stay as to 21st Mortgage shall lift. In the event this bankruptcy is dismissed and the Debtor files a subsequent bankruptcy, the Automatic Stay in the subsequent bankruptcy shall have no force or effect as to 21st Mortgage or the Collateral.

8. **Effect of In-sufficient Funds:** Debtor's tendering of a check to 21st Mortgage that is subsequently returned due to in-sufficient funds in the account upon which the check is drawn shall not constitute a payment as required by the terms of this order.

9. **Default:** In the event 21st Mortgage does not receive the payments by the dates set forth above or Debtor does not comply with any other provision herein, 21st Mortgage shall send written notice by Regular Mail to Debtor's attorney and by Certified Mail and Regular Mail to Debtor and allow Debtor ten days from the date of such written notice to cure the default. In the event Debtor fails to cure the default within the ten day period or in the event Debtor defaults after two notices of default, the Automatic Stay shall terminate as to the 21st Mortgage without further recourse to this Court and 21st Mortgage shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the Collateral. 21st Mortgage has the option to contact Debtor directly prior to issuing a written notice of default under this Order to determine Debtor's intentions regarding retaining or surrendering the Collateral. In the event Debtor intends to retain the Collateral, Debtor and 21st Mortgage may discuss payment arrangements for curing the default under this Agreed Order.

10. 21st Mortgage shall notify Debtor, Debtor's attorney, and the Chapter 13 Trustee that the automatic stay has been terminated by filing a notice of termination. Upon termination of the automatic stay, the provision of Rule 4001(a)(3) is waived.

### END OF ORDER ###

APPROVED AS TO FORM:


 /S/ PAMELA JEAN CHANEY WITH PERMISSION
**PAMELA JEAN CHANEY**
State Bar No24006983
Monte J. White & Associates, P.C.
American State Building
402 N. Cypress, Suite 310
Abilene, TX 79601
(325) 673-6699
(325) 672-9227 telecopier
ATTORNEY FOR DEBTOR


 /S/MARK MCBEATH
WALTER O'CHESKEY, TRUSTEE
6308 Iola Ave
Lubbock, Texas 79424
(806) 748-1980
(806) 748-1956 telecopier


 /S/JAMIE SILVER
**B. BRUCE JOHNSON**
State Bar No. 10682800
**JAMIE E. SILVER**
State Bar No. 24042907
12720 Hillcrest Road, Suite 280
Dallas, Texas 75230
(972) 788-4610
(972) 386-7694 telecopier
ATTORNEY FOR 21ST MORTGAGE